HARRIS, Judge,
concurring specially:
I concur, as I must, because of our en banc decision of Thomas v. State cited by the majority. We remand to the trial court to take additional testimony in order to determine the undisposed issue of pretextual stop. I write because I believe there are additional issues that deserve further inquiry. A closer look at the facts is important.
The Orlando bicycle brigade has struck again. Officer Zwieg of the Orlando Police Department was driving in an unmarked vehicle (although in uniform) when he spotted C.E., a thirteen-year-old Black juvenile, riding a bicycle on the sidewalk with another Black youth on the handlebars. The bicycle was not equipped with a bell.[1] Determined to make an “arrest,” Zwieg made a U-turn and took up pursuit of the bicycle yelling “Stop!”
C.E. abandoned the bicycle and fled into his nearby home. Zwieg, undaunted, made the arrest. The search must have been negative because C.E. was originally charged only with “riding a bicycle on a city street, to-wit: West Federal Street without a bell or gong.” Considering the seriousness of the offense, the state attorney’s office added the charge of resisting arrest without violence because the thirteen-year-old fled into his home.
On remand the trial court will consider the pretext issue. I urge the court to also consider whether C.E. was properly arrested in his home in light of Welsh v. Wisconsin, 466 U.S. 740, 104 S.Ct. 2091, 80 L.Ed.2d 732 (1984) and whether riding a bicycle on a sidewalk is the legal equivalent of riding a bicycle “on a city street, to-wit: Federal Highway” as alleged in the charging document.

. Some have suggested, perhaps facetiously, that the function of the second youth was to sit on the handlebars and shout "Honk! Honk!” when anyone ventured into the path of the bicycle.